GEORGE S. CARDONA
Acting United States Attorney
CHRISTINE C. EWELL
Assistant United States Attorney
Chief, Criminal Division
ARIEL A. NEUMAN (Cal. State Bar No.: 241594)
JUSTIN RHOADES (Cal. State Bar No.: 230463)
JEFF MITCHELL (Cal. State Bar No.: 236225)
Assistant United States Attorneys
Violent & Organized Crime Section
    1500 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-2917/3380/0698
    Facsimile: (213) 894-3713
    E-mail: ariel.neuman@usdoj.gov
        justin.rhoades@usdoj.gov
        jeff.mitchell@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) CR No. 09-230(A)-SVW |
|---|---|
| Plaintiff, | ) <u>GOVERNMENT'S POSITION RE:</u> |
| v. | ) <u>SENTENCING OF DEFENDANT</u> <u>JUDY JARAMILLO</u> |
| RAMON NARCISO MORALES MENDOZA, ET AL., | ) SENTENCING DATE: **1/11/10** |
| Defendants. | ) |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California, hereby files its sentencing position relating to defendant Judy Jaramillo. The United States respectfully recommends that defendant be sentenced to the statutory mandatory minimum, that is, a 5-year period of

incarceration, a 4-year period of supervised release, and the mandatory special assessment of $100.

The United States' position regarding sentencing is based upon the attached memorandum of points and authorities, the files and records in this case, the Presentence Report, and any other evidence or argument that the Court may wish to consider at the time of sentencing.

DATED: January 6, 2010          Respectfully submitted,

                                GEORGE S. CARDONA
                                Acting United States Attorney

                                CHRISTINE C. EWELL
                                Assistant United States Attorney
                                Chief, Criminal Division


                                 /s/
                                ARIEL A. NEUMAN
                                JUSTIN R. RHOADES
                                JEFF P. MITCHELL
                                Assistant United States Attorneys

                                Attorneys for Plaintiff
                                United States of America

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

On July 1, 2009, defendant Judy Jaramillo ("defendant") pleaded guilty to Count One of the First Superseding Indictment, conspiracy to distribute more than 100 grams of heroin in violation of 21 U.S.C. § 846.  Defendant admitted that she regularly communicated with co-defendants in order to arrange for the delivery of heroin for distribution, and regularly took receipt of heroin for distribution, as well as her own use.  Plea Agreement ¶ 11.  Defendant admitted specific instances of such conduct, including telephone conversations with co-defendants and possession of heroin with intent to distribute on multiple occasions.  Id.  Defendant admitted she knew that the conspiracy to sell heroin included an agreement to sell more than 100 grams but less than 400 grams of heroin.  Id.

**II.  THE PRESENTENCE REPORT**

The United States Probation Office ("USPO") prepared a Presentence Report ("PSR"), which was disclosed to the parties on 14, 2009.  The PSR calculated the total offense level as follows:

| | | | |
|---|---|---|---|
| Base Offense Level | : | 26 | U.S.S.G. § 2D1.1(c)(7) |
| Acceptance of Responsibility | : | -3 | U.S.S.G. § 3E1.1 |

PSR ¶¶ 26-38; Plea Agreement ¶ 14.  The PSR also calculated a criminal history category of I based on zero criminal history points.  PSR ¶¶ 40-50.  The PSR calculated the guideline sentence, based on the statutory mandatory minimum, to be 60 months imprisonment and 4 years to lifetime supervised release, together with a mandatory special assessment of $100, and a fine

1

between $10,000 and $2,000,000.  PSR Guideline Summary.

**III. PROBATION OFFICE'S RECOMMENDATION**

The United States Probation Office recommended the following sentence: a 60-month term of imprisonment, a four-year term of supervised release, and a special assessment of $100.  USPO Recommendation Letter.  The Probation Officer found that defendant does not have the ability to pay a fine.  Id. at 1.

**IV.   THE GOVERNMENT'S RECOMMENDATION**

The United States does not object to the findings set forth in the PSR, and concurs with the Probation Officer's recommended sentence which is equivalent to the statutory mandatory minimum applicable in this case.  Defendant is not eligible for "safety valve" relief from the mandatory minimum sentence because defendant has refused to "truthfully provide[] to the Government all information and evidence [she] has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan[.]"  See 18 U.S.C. § 3553(f)(5), U.S.S.G. § 5C1.2(a)(5).[1]  Accordingly, and as set forth herein, the United States respectfully recommends that defendant be sentenced to a sentence equivalent to the mandatory minimum, that is, a term of 60 months imprisonment, followed by a 4-year term of supervised release, and a mandatory special assessment of $100.[2]  The

---

[1] On January 6, 2010, defendant and her counsel met with the government for purposes of the "safety valve" proffer, but defendant refused to truthfully provide the necessary information.  For instance, defendant refused to identify individuals to whom she distributed heroin.

[2] The United States hereby moves and requests the Court to grant defendant the additional 1-level reduction, pursuant to Section 3E1.1(b) of the Sentencing Guidelines based on the timely notification of defendant's intention to plead guilty.  U.S.S.G.

1  requested sentence is appropriate in this instance.  The United
2  States submits that the recommended sentence addresses the
3  considerations set forth at Title 18, United States Code, Section
4  3553(a), in that it takes into account the nature and the
5  circumstances of the offense, the history and characteristics of
6  the defendant, the need for the sentence to reflect the
7  seriousness of the offense, promote respect for the law and
8  provide just punishment for the offense, afford adequate
9  deterrence, and protect the public from further crimes of the
10 defendant, as well as the need to avoid unwarranted sentencing
11 disparities.  18 U.S.C. § 3553(a).  A sentence equivalent to the
12 mandatory minimum sentence required by statute meets these goals
13 and is warranted by the facts of this case as related to this
14 defendant.

---

28 § 3E1.1(b).

3